UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAESAREA DEVELLE JAMES, JR.       Case No. 1:09cv673

    Plaintiff,                     Barrett, J.
                                  Bowman, M.J.
  v.

GUARANTEED RATE, INC.

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Caesarea Develle James, Jr. ("James"), proceeding *pro se*, filed a complaint alleging that Defendant violated the Equal Credit Opportunity Act, 15 U.S.C. 1691(d); the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692e(2), (5), (10); Ohio's Pattern of Corrupt Activities Act, O.R.C. §2923.32, and other Ohio consumer protection laws. (Doc. 7, p5). James included class allegations in his complaint. (Id. at p11). James has filed a "motion for immediate consideration of summary judgment against Guaranteed Rate, Inc." (Doc. 31). Defendant filed a memorandum in opposition. (Doc. 32). James filed a reply brief out of time that was later deemed timely filed by then presiding Magistrate Judge Wehrman. (See Doc. 34, Doc. 48). Pursuant to local practice, the motion has been referred to the undersigned for initial consideration and a Report and Recommendation.

Following the filing of the instant motion, then presiding Magistrate Judge Hogan issued an Order granting Plaintiff leave to amend his complaint. (See Doc. 39). Subsequently, Plaintiff filed his amended complaint which eliminated the class allegations and raised new claims not previously asserted in the original complaint. (Doc. 40). Since

the Plaintiff's motion for summary judgment is based upon a complaint that has now been amended, this Court recommends that the pending motion for summary judgment be denied.

Furthermore, in reviewing the docket in this matter, it appears as if a new scheduling order is necessary. Plaintiff had asserted his Fifth Amendment right against self-incrimination and previously refused to participate in his deposition due to the then-pending criminal case against him. Judge Hogan had granted Plaintiff a stay of discovery pending the resolution of the criminal case. (Doc. 39). The criminal case is now complete with the jury returning a guilty verdict on Count One for wire fraud and Count Two for mail fraud. (See 1:09cr202). The Defendant now requests that such discovery be continued and Plaintiff's deposition be taken.

For the reasons stated herein, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion for immediate consideration of summary judgment (Doc. 31) be **DENIED.**

**IT IS FURTHER ORDERED THAT**:

1. The stay on discovery is lifted and the Plaintiff is hereby ordered to present himself for deposition at a date and time mutually agreed to by the parties but no later than 30 days from the date of this order. The deposition shall be held at the law office of Barron Peck Bennie & Schlemmer or any other mutually agreeable location;

2. The parties are each to provide a status report by March 7, 2011 addressing any remaining discovery issues; the effect, if any, of the criminal conviction

on this case; and propose a new calendar.

*s/ Stephanie K. Bowman*
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CAESAREA DEVELLE JAMES, JR., | Case No. 1:09-cv-673 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| GUARANTEED RATE, INC.,, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).