UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Caesarea Develle James, Jr.,

    Plaintiff,

    v.                                       Case No. 1:09cv673

Guaranteed Rate, Inc.,              Judge Michael R. Barrett

    Defendant.

**ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") which recommends that Plaintiff's Motion for Immediate Consideration of Summary Judgment be denied.  (Doc. 51.)  The Magistrate Judge also ordered that the stay on discovery be lifted, and Plaintiff present himself for deposition within thirty days.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Plaintiff's objections were not timely filed.  (Doc. 54.)  Nevertheless, the Court will consider them at this time.

**I.**    **BACKGROUND**

In his original Complaint, Plaintiff, proceeding *pro se*, brought class claims for violations of the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act, Ohio's Pattern of Corrupt Activities Act, and other Ohio consumer protection laws.  In his Amended Complaint, Plaintiff no longer brings class claims, and has raised new claims not asserted

in the original Complaint.

## II. MAGISTRATE JUDGE'S R&R

The Magistrate Judge noted that Plaintiff's Motion for Summary Judgment was based upon a complaint which has now been amended. Accordingly, the Magistrate Judge recommends denying the Motion.

The Magistrate Judge also noted that the stay on discovery in this matter is no longer necessary because a criminal case brought against Plaintiff is now complete. Therefore, the Magistrate Judge ordered that the stay be lifted and Plaintiff's deposition may be taken.

Plaintiff objects to both the recommendation that the Motion for Summary Judgment be denied, and the order that discovery shall proceed. Plaintiff's objection to the denial of the motion is based on a number of arguments which go to the merits of his claims. Plaintiff's objection to lifting the stay on discovery is based on a variety of arguments: (1) Federal Rule 26 states that the purpose of a deposition must be more than just punishing a plaintiff or putting him in a financial struggle; (2) there has been a failure to show "good cause" under the word-product doctrine; (3) Plaintiff is legally blind, cannot do math, has memory problems, and is being treated for mental illness; (4) Plaintiff currently resides in Michigan and is unable to travel to Ohio due to financial hardship; and (5) all the necessary documents are available through a Freedom of Information Act request.

## III. LEGAL STANDARD

A district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *see also Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d

952 (6th Cir. 1985) (explaining that "[t]he district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). This standard is necessarily deferential and does not permit reversal unless the reviewing court is left with the definite and firm conviction that an error has been made. *See United States v. Kellams*, 26 F.3d 646, 648 (6th Cir. 1994), *citing Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985).

Where the magistrate judge has ruled on a summary judgment motion which, according to section 636(b)(1)(B), is a dispositive pretrial motion, a district court's review is *de novo*. *Roland v. Johnson*, 856 F.2d 764, 769 (6th Cir. 1988). *De novo* review requires the district court to consider the record that has been developed before the magistrate judge and to make its own determinations on the basis of the record, without in any way being bound by the magistrate judge's findings. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

IV. **ANALYSIS**

The Court finds that based upon the record, the Magistrate Judge did not err in recommending that Plaintiff's Motion for Immediate Consideration of Summary Judgment be denied. Plaintiff's Amended Complaint (Doc. 40) adds new allegations and eliminates the class allegations from Plaintiff's original complaint. Moreover, an amended complaint supersedes the original complaint and becomes the only "legally operative complaint." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6 th Cir. 2000). Thus, upon the filing of the amended complaint, the original complaint is simply a nullity. *B & H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 267 n. 8 (6th Cir. 2008).

3

Regarding the lifting of the stay on discovery, the Court finds that the Magistrate Judge's order was not "clearly erroneous or contrary to law."  Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to Federal Rule of Civil Procedure 37, the failure to appear for deposition can result in sanctions:

> (d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection
>
> > (1) In General.
> >
> > (A) Motion; Grounds for Sanctions.  The court where the action may, on motion, order sanctions if:
> >
> > > (i) A party ... fails, after being served with proper notice, to appear for that person's deposition.
> > >
> > > . . .
> >
> > (2) Unacceptable Excuse for Failing to Act.  A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).
> >
> > (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(I)-(vi).  Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d).

In this instance, Plaintiff explains that he is unable to be deposed for a variety of reasons, including the expense of travel from Michigan to Cincinnati. A protective order is available under Rule 26(c), which provides, in pertinent part, that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." However, the Court finds that at this juncture, there has not been an adequate showing regarding the need for a protective order. The Court notes that Plaintiff has offered to respond to written questions under oath in lieu of his deposition; and Plaintiff will necessarily be travelling to Cincinnati in the near future for sentencing in his criminal case. Based on these circumstances, the Court refers this matter to the Magistrate Judge for further proceedings regarding Plaintiff's deposition.

**V.     CONCLUSION**

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 51) that Plaintiff's Motion for Immediate Consideration of Summary Judgment be **DENIED**; and refers this matter for further proceedings regarding Plaintiff's deposition.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  Michael R. Barrett, Judge
                                                  United States District Court