UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAESAREA JAMES, JR.             Case No. 1:09-cv-673

    Plaintiff,                               Barrett.J.
                                           Bowman, M.J.

vs.

GUARANTEED RATE, INC,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Caesarea Develle James, Jr. ("James"), proceeding *pro se*, filed the instant action in September 2009 alleging that Defendant violated the Equal Credit Opportunity Act, 15 U.S.C. 1691(d); the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692e(2), (5), (10); Ohio's Pattern of Corrupt Activities Act, O.R.C. §2923.32, and other Ohio consumer protection laws. (Doc. 7). This matter is now before the Court on Defendant's motion for summary judgment (Doc. 66) and the parties' responsive memoranda. (Docs. 67, 68, 69).[1] Defendant's motion for summary judgment has been referred to the undersigned for initial consideration and a report and recommendation. 28 U.S.C. § 636(b)(1)(B). For the reasons set forth herein, I now recommend that the Defendant's motion for summary judgment be GRANTED.

---

[1] Also pending in this action are Plaintiff's motion for partial summary judgment (Doc. 65) and Plaintiff's motion to transmit record. (Doc. 70).

### I. Background and Relevant Facts[2]

In December 2006, Plaintiff borrowed $715,000 in two loans from Defendant in order to purchase a home located at 7490 Country Brook Ct. The money borrowed covered the purchase price of the house and the first mortgage payment. (Doc. 66, Ex. C). The loans were evidence by two notes, one for $572,000 with an 8.875% interest rate and the other for $143,000 with a 12.7% interest rate. (Doc. 66, Exs. D, E). The notes were secured by two mortgages. Plaintiff made only two mortgage payments. (Doc. 66, Ex. H). The first payment was made as part of the closing with the money he had borrowed from Guaranteed Rate. The second was made by a Visa credit card, and was never actually paid by Plaintiff.[3] (Doc. 66, Ex. 1).

In August 2007, Defendant filed an action in foreclosure in the Court of Common Please of Warren County, Ohio. Plaintiff raised many defenses and objections in the foreclosure action. Plaintiff also filed bankruptcy, which delayed the foreclosure proceedings, extinguished his credit card debt, and protected him from a deficiency judgment on the Country Brook Property. (Doc. 66, Burr Affidavit). In November 2008, the Bankruptcy Trustee abandoned the Country Brook Property, releasing it from the bankruptcy stay and permitting it to be sold in foreclosure. (Doc. 66, Ex. N). Following the abandonment of the Country Brook Property by the Bankruptcy Trustee, the state court

---

[2] Plaintiff did not file any affidavits or other evidence as outlined in Fed. R. Civ. P 56(c) in opposition to Defendant's motion for summary judgment. The undisputed facts outlined above are taken directly from the allegations in Plaintiff's amended complaint and the facts contained in Defendant's motion for summary judgment and supporting affidavits and attachments. (Docs. 40, 66).

[3] Plaintiff was convicted of wire fraud and mail fraud to induce Defendant to loan him $715,000 to purchase the Country Brook Property. *See United States v. James*, Case No. 1:09cr202. Plaintiff was sentenced to 51 months incarceration and ordered to pay Defendant $226,644.34 in restitution.

considered Plaintiff's defenses and entered final judgment in favor of Defendant.

After final judgment, the property was auctioned at a foreclosure sale. (Doc. 67). Plaintiff was the winning bidder at the first foreclosure auction and he presented a check to the Warren County Sherif in the amount of $70,100. (Doc. 68). That check was not honored, as it was drawn on a fictious bank. *Id.*, Ex. 1. Multicorp Inc., the company Plaintiff claimed he represented at the foreclosure auction, disavowed any relationship with Plaintiff. The County Brook Property was eventually sold at a second foreclosure auction. (Doc. 67).

Following the conclusion of the state court foreclosure proceeding, Plaintiff filed this action for various claims all related to allegations of mortgage irregularities arising out of his loan transactions with Defendant - the same facts that were central to the state court proceeding. Defendant also filed a counterclaim for damages arising out of Plaintiff's presentation of the dishonored check at the first foreclosure sale.

In his amended complaint, Plaintiff lists the following 25 causes of action:

1. Unfair Trade Practices Involving Non-Compliance, 15 USC Sections 1601, et seq.

2. Disclosure Violation Pursuant to 15 USC 1635, et seq.

3. Missing Statement Violation, Pursuant to 15 USC section 1635, et seq.

4. Missing Disclosure Statement Violation, Pursuant to 15 USC section 1638, et seq.

5. Disclosure Violation, Pursuant to Title 12 Code of Federal Regulations Section 226, et seq.

6. Right to Rescind Violation, Pursuant to Title 12 code of Federal Regulations Section 226, et seq.

7. Right to Cancel Violations, Pursuant to Title 12 Code of Federal Regulations,

-3-

        Section 226, et seq.

8. Deceptive Grouping Violation, Pursuant To Title 12 Code of Federal Regulations Section 226, et seq.

9. No Good Faith Estimate Violations, Pursuant To Title 12 Code of Federal Regulations Section 226, et seq.

10. Consumer Statement Missing Violations, Pursuant To Title 12 Code of Federal Regulations Section 226, et seq.

11. Disclosure Violations, Pursuant To Title 15 USC Section 1601, et seq. And Regulation Z.

12. Failure to Disclose Calculation of Mortgage Balance, Pursuant to Title 12 CFR Section 226.4 et seq.

13. Failure To Disclose Itemization of Charges, Pursuant To Title 12 USC 2610 et seq.

14. Inflation of Acceleration Fees, In Violation of Title 12 USC Section 2610, et seq.

15. Failure to Disclose Date, in Violation of Title 12 USC Section 2610, et seq.

16. Failure to Provide copies of Mortgage, in Violation of 15 USC Section 1601, et seq.

17. Failure to Failure to Obtained Signed Loan Documents, In Violation of 15 USC In Violation of Title 12 USC 1601, et seq. and Title 12, Regulation Z, Part 226 et. seq.

18. Failure to Disclosure of Use of Settlement Fees In Violation of Title 12, Regulation Z and 15 USC 1601, et seq.

19. Failure to Disclose Lower Interest Rate, In Violation of 12 USC Section 2602, et seq.

20. Failure to Disclose loan origination fee, in Violation of Title 12 USC Section 2601, et seq.

21. Failure to Give three Day cooling period, in Violation of Title 15 USC Section 1601, et seq. and Regulation Z.

22. Failure to Give Conspicuous Warning, In Violation of Title 15 USC Section

        1601, et seq and Title 12 Code Federal Regulations Section 226.18.

23. Failure to Give Proper Notice, In Violation of 12 USC 2601 et seq, 15 USC Section 1601, et seq and Title 12 Code of Federal Regulations section 226.18.

24. Violation Failure to Disclose Interest Rate Pursuant to Regulation Z, Part 226.4

25. Defendant Violated Federal Fair Debt Collection Practice Act, 15 USC Section 1692e(2),(5),(10), Violation Ohio Mortgage Law 1301:8-3-04 Record Keeping Requirements, Equal Credit Opportunity Act 15 USC 1691(D), Consumer Protection Law of Ohio, Federal And State Of Ohio Rules of Evidence, Violated Federal District Court Mandate That ALL Complaints Must Be Made In Compliance With All Of The Requirements That Includes Sworn Statement From The Person Who Had Actual Knowledge Of The Account In Question, Dated By The Person Who Maintained The Ledger (Which Would Have From First Payment To Last Payment Made In The Form Of Debt Credit Recordings The With Interest Any Interest Pentalties For Being Late Et. Seq. Provide Original Not Due To Issue Of Fraud By Defendant Of The Account.

(Doc. 40).

## II. Analysis

### A. Summary Judgement Standard of Review

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving

party "'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.'" *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989) (quoting *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002); *Little Caesar Enterprises, Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). A principal purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex*, 477 U.S. at 323-24. The moving party need not support its motion with evidence disproving the opposing party's claims. Rather, the moving party need only point out there is an absence of evidence supporting such claims. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp.*, 477 U.S. at 325). Nor must the Court search the entire record for material issues of fact. *Street*, 886 F.2d at 1479-80. The court need only determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B**. **Plaintiff's Claims are Barred by *Res Judicata***

Defendant's motion for summary judgment asserts that Plaintiff's claims are barred by the doctrine of *res judicata*. In addition, Defendant also asserts that Plaintiff cannot present admissible evidence to support his claims and that it is entitled to judgment as a matter of law because Plaintiff has failed to demonstrate that he was injured in anyway by the actions of Defendant. As explained below, the undersigned agrees that Plaintiff's claims are barred by the doctrine of *res judicata.*

Under the doctrine of *res judicata* a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, n. 5 (1979); *Gargallo v. Merrill Lunch, Pierce, Fenner & Smith*, 918 F.2d 658, 660-61 (6th Cir. 1990). *Res judicata* promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties or their privies. *Parklane Hosiery v. Shore*, 439 U.S. 322, 326 (1979).

To preserve comity and federalism, the Full Faith and Credit statute, 28 U.S.C. § 1738, provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken."

Ohio law recognizes two forms of *res judicata*: claim preclusion and issue preclusion. *Osborn v. Knights of Columbus*, 401 F.Supp.2d 830, 832 (N.D. Ohio 2005) (citing *Wead v. Kutz*, 161 Ohio App.3d 580, 578 (2005)). Under claim preclusion, "a valid, final judgment [on] the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Osborn*, 401

F.Supp.2d at 832. The final judgment "is conclusive to all claims which were or might have been litigated in a first lawsuit." *Id.* Claim preclusion applies to the parties to the original lawsuit and any parties in privity with them. *O'Nesti v. Bartolo Realty Corp.*, 163 Ohio App.3d 609, 839 N.E.2d 943 (2005)).

In contrast, issue preclusion refers to "the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Marrese*, 470 U.S. at 380 (citing *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)). Issue preclusion provides that if a court decides an issue of fact or law necessary to a judgment, the decision bars relitigation of that particular issue in a future suit involving the same parties or parties in privity with them. *Osborn*, at 832 (citing *Rizvi v. St. Elizabeth Hosp. Med. Cent.*, 146 Ohio App.3d 103, 108, 765 N.E.2d 395 (2001)). In the present case, Defendant asserts that claim preclusion applies to bar all of Plaintiff's claims. The undersigned agrees. Specifically, the judgment obtained by Defendant in the state court foreclosure action was a decision on the merits. Plaintiff's appeal of the judgment was rejected, therefore the judgment remains valid. Next, all of Plaintiff's claims listed in his amended complaint are directly related to the central issues of the state court foreclosure actions - namely, did Defendant properly foreclose on Plaintiff's Country Brook Property. As noted by Defendant, Plaintiff vehemently argued in the state court action that Defendant's mortgages were invalid and should not be enforced by the Court. As such, Plaintiff's current claims are barred by *res judicata*. Furthermore, Plaintiff and Defendant in this action were also parties to the state court action, and therefore the privity requirement for claim preclusion is also satisfied. Thus, there can be no question that "the factual basis for the instant federal action is the same as that underlying the state court proceeding[s]."

*Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 759 (6th Cir. 2003).

The Court recognizes that Plaintiff's responsive memoranda appear to assert that Defendant committed fraud and falsified documents in the state court proceeding. Notably fraud on the court represents an exception to *res judicata*. *See United States v. Beggerly*, 524 U.S. 38, 4 (1998) (holding that fraud on the court that is "'sufficiently gross' demand[s] a departure from rigid adherence to the doctrine of res judicata") (citation omitted).

However, if a plaintiff "believes [that a] Common Pleas judgment was obtained by fraud on that court, [his] remedy is by way of a motion for relief from judgment under Ohio R. Civ. P. 60(b), not by way of a collateral attack on that court's judgment." *See Thyne v. GMAC Mort. Corp.,* No. 3:09–cv–377, 2010 WL 3075185, at *4 (S.D. Ohio Aug.4, 2010) (Merz, M.J.). Thus, Plaintiff cannot rely on his allegations of fraud by Defendant to avoid any preclusive effect of the state court judgment against him.

In sum, the undersigned finds that the doctrine of *res judicata* bars Plaintiff from re-litigating any claims he raised or might have raised in the state court foreclosure actions. Accordingly, the undersigned finds that Defendant's are entitled to judgment as a matter of law on all claims raised by Plaintiff in the amended complaint.[4]

---

[4] Additionally, assuming *arguendo*, that *res judicata* does not preclude Plaintiff's claims, Plaintiff has failed to provide any evidence in support of his claims and has failed to demonstrate that he was injured in anyway by the actions of Defendant. Accordingly, Defendant is also entitled to judgment as a matter of law on this basis.

### III.  Conclusion

For these reasons, the Court hereby **RECOMMENDS** that the Defendant's motion for summary judgment (Doc. 66) be **GRANTED**, all other pending motions be **DENIED** as **MOOT** (Docs. 65, 70), and this matter **TERMINATED** on the active docket of the Court.

 s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAESAREA JAMES, JR.                              Case No. 1:09-cv-673

    Plaintiff,                                   Barrett.J.
                                                 Bowman, M.J.
vs.

GUARANTEED RATE, INC,

    Defendant.
                              **NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).