# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Caesarea Develle James, Jr.,

    Plaintiff,

v.                                                                                  Case No. 1:09cv673

Guaranteed Rate, Inc.,                                              Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") which recommends that Defendant's Motion for Summary Judgment be granted. (Doc. 73.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Plaintiff's objections were not timely filed because he did not apprise the Court of his address change. (Doc. 54.) Nevertheless, the Court will consider Plaintiff's objections. Defendant filed a Response to Plaintiff's objections (Doc. 76) and Plaintiff filed a Response to that Response (Doc. 77).

## I.     BACKGROUND

Plaintiff, proceeding *pro se*, brings twenty-five claims arising out of two mortgage loans made by Defendant to Plaintiff to purchase a home. These claims are listed in the Magistrate Judge's R&R and will not be repeated here.

After Plaintiff failed to make payments on the loans, Defendant filed a foreclosure

action in state court. Plaintiff raised many defenses in that action, including a response to Guaranteed Rate's motion for summary judgment. However, after considering the response, as well as other motions filed by Plaintiff, the state court granted summary judgment in favor of Defendant (Docs. 66-15, 66-16).

## II. MAGISTRATE JUDGE'S R&R

The Magistrate Judge concluded that Plaintiff's claims are barred by the doctrine of *res judicata*. In his objections, Plaintiff raises a multitude of issues which do not address this conclusion.[1] However, Plaintiff does argue that the doctrine of *res judicata* is not applicable to his claims in this Court because the state court's judgment of foreclosure was not on the merits; and the state court lacked jurisdiction to hear the foreclosure action. In support of the merits of his claims, Plaintiff points to allegedly fraudulent and unsigned documents which he claims show Defendant committed fraud.

Defendant responds to these objections by pointing out that a decision on summary judgment is on the merits. Defendant also responds that the state court had jurisdiction over the foreclosure action, and any challenge to jurisdiction should have been raised on appeal from the state court's decision.

Plaintiff responds to these arguments by repeating his arguments that the decision of the state court was not on the merits, and that the state court lacked jurisdiction. In support of his claims on the merits, Plaintiff again points to documents which he has

---

[1]One of these issues is that Plaintiff questions the mental health of the judge who presided over the foreclosure action in state court. The Court concludes that it is not necessary to address this issue because this is an argument which Plaintiff could have raised in the state court proceedings.

2

previously filed with this Court which he argues are "prima facie evidence" of his claims.[2]

## III. ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a), as amended on December 1, 2010, provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id*. at 252.

### B. *Res Judicata*

"When deciding whether to afford preclusive effect to a state court judgment, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to give the prior adjudication the same preclusive effect it would have under the law of the state whose court issued the judgment." *Stemler v. Florence*, 350 F.3d 578, 586 (6th Cir. 2003), (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). "[I]f an individual is

---

[2]Plaintiff explains that he is unable to file copies of these documents at this time because he is currently incarcerated. However, because the Court finds that Plaintiff's claims are barred by *res judicata*, the availability of these documents has no bearing on the Court's decision.

precluded from litigating a suit in state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court." *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir.1987) (footnote omitted). Therefore, a federal court looks to the applicable state law to determine the preclusive effect it would attach to that judgment. *Id.*

Under Ohio law "[s]ummary judgment terminates a party's action on the merits and a subsequent filing of an action decided on summary judgment is prohibited by the doctrine of *res judicata*." *A-1 Nursing Care of Cleveland, Inc. v. Florence Nightingale Nursing, Inc.*, 647 N.E.2d 222, 224 (Ohio Ct. App. 1994). Therefore, the state court's decision on summary judgment was a decision on the merits, and Plaintiff cannot relitigate the claims which were or might have been litigated in the state court foreclosure action. *Accord Miller v. Countrywide Home Loans*, 747 F.Supp.2d 947, 960 (S.D. Ohio 2010) (concluding that plaintiff's claims for violations of TILA and Regulation Z were barred by Ohio's rules of claim preclusion).

Plaintiff's arguments regarding jurisdiction appear to confuse the concept of diversity jurisdiction. Specifically, Plaintiff argues that the state court lacked jurisdiction because the amount in controversy was above "the $75,00 max limit to have the case heard in state court and the second problem is the two parties are from different states[.] [O]ne is from Illinois. The other is from Ohio. Both are not residents of Ohio." (Doc. 77, at 16.) While 28 U.S.C. § 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," the jurisdictional amount is meant to be a floor for federal jurisdiction and not a ceiling for state court jurisdiction.

4

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 73). Accordingly, it is hereby **ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. 66) be **GRANTED**;

2. All other pending motions are **DENIED as MOOT**; and

3. This matter is **TERMINATED** on the active docket of the Court.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett, Judge
                                               United States District Court